UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>HECTOR JIMENEZ-TORRES (4),<br><br>　　Defendant. | No. 00-CR-098-04 (PG) |

**MOTION REQUESTING TWO ORDERS
AND REPORT ON THE STATUS OF THIS CASE**

TO THE HONORABLE
JUAN M. PEREZ-GIMENEZ
SENIOR UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO:

**COMES NOW** the undersigned court-appointed counsel for defendant Héctor Jiménez-Torres (4) and before this Honorable Court respectfully alleges and prays:

1. On June 22, 2006, this Honorable Court appointed the undersigned counsel to represent defendant HECTOR JIMENEZ-TORRES. Dkt. #369. The purpose of the appointment was to prosecute a petition for a writ of *certiorari* for defendant Jiménez-Torres. For the reasons detailed more fully below, it appears that defendant Jiménez-Torres' request for a writ petition is time-barred. However, defendant Jiménez-Torres appears to be unable to obtain the records of his case from his previous court-appointed counsels in the District Court (Attorney John Ward-Llambias) and in the Court of

*United States v. Héctor Jiménez-Torres*,
No. 00-098-04 (PG)
Page 2

Appeals (Attorney Marlene Aponte-Cabrera), for which an order is requested directing them to provide defendant Jiménez-Torres with the records of his case, forthwith, reporting their compliance with the said order to this Honorable Court.

    2.   Defendant Jiménez-Torres was convicted by a jury of violating the *Hobbs Act*, 18 U.S.C. §1951(a) and using a firearm in the commission of a violent federal felony that resulted in death, 18 U.S.C. §924(j)(1), for which this Honorable Court sentenced him, *inter alia*, to life in prison and a concurrent imprisonment term of 240 months. Dkt. ##271 and 313. The convictions stemmed from defendant Jiménez-Torres' participation in a home invasion, robbery, and murder of a Texaco gas station owner in Juana Díaz, Puerto Rico. He is presently serving his sentence at the Allenwood United States Penitentiary in Pennsylvania.

    3.   On January 11, 2006, the Court of Appeals affirmed the conviction of defendant Jiménez-Torres. *United States v. Jiménez-Torres*, 435 F.3d (1st Cir.2006) (Torruella, J, concurring). Attorney Marlene Aponte Cabrera represented defendant Jiménez-Torres on appeal, by appointment of the Court of Appeals dated April 14, 2003.

    4.   On June 22, 2006, defendant Jiménez-Torres wrote to this Honorable Court and, after first stating that Attorney Aponte-Cabrera did a wonderful job for him, asked your Honor to relieve her from

*United States v. Héctor Jiménez-Torres*,
No. 00-098-04 (PG)
Page 3

further representing him and for the appointment of a new attorney to represent him "for the foregoing matters that I have in hand." Dkt. #365. The letter makes no reference to what matters are "in hand" and no mention is made of his desire to file a writ petition in the Supreme Court of the United States. This Honorable Court granted the request the same day, relieving Attorney Aponte-Cabrera (dkt. #366) and appointing the undersigned counsel (dkt. #369).

5. *Rule 13.1* of the *Rules of the Supreme Court of the United States* provides that a petition for a writ of *certiorari* is timely only if filed within ninety (90) days after entry of judgment (not the mandate (*Rule 13.3*)). *Rule 13.2*, *id.*, orders the Clerk of the Supreme Court not to file a petition that is untimely.

6. The Court of Appeals issued its judgment in the case of defendant Jiménez-Torres on <u>January 11, 2006</u>. 436 F.3d 3. Counting from that date, the deadline for a timely petition for a writ of *certiorari* was **April 11, 2006**. While *Rule 13.5*, *id.*, provides for a sixty (60) day extension of time for the filing of the petition, an application for such must be made ten (10) days **before** the petition is due. Accordingly, **after April 11, 2006**, the Clerk of the Supreme Court of the United States will not accept a petition for a writ of *certiorari* for defendant Jiménez-Torres because it is too late.

7. Defendant Jiménez-Torres wrote the letter (dkt. #365)

*United States v. Héctor Jiménez-Torres*,
No. 00-098-04 (PG)
Page 4

requesting that Attorney Aponte-Cabrera be relieved and new counsel appointed on April 5, 2006, six (6) days **before** the expiration date established by *Rule 13.1*, *supra*, for the filing of a writ petition. However, the letter makes no mention of a desire by defendant Jiménez-Torres for the filing of a petition of a writ of *certiorari*. On the other hand, Attorney Marlene Aponte-Cabrera was appointed to represent defendant Jiménez-Torres by the United States Court of Appeals for the First Circuit, pursuant to the *Criminal Justice Act, 18 U.S.C., §§3006A, et seq*. With regards to such appointments, *Rule 46.5* of the *Local Rules of the United States Court of Appeals for the First Circuit* provides, in pertinent part, that:

> Except when relieved by the court, counsel's appointment **shall not terminate until, if the person loses the Appeal, counsel informs the person of that fact and of the person's right to petition for certiorari and the time period, and has prepared and filed the petition if the person requests it and there is reasonable grounds for counsel properly to do so** (citation omitted). If counsel determines that there are no reasonable grounds and declines to file a petition for certiorari requested by the person, counsel shall so inform the Court and request leave to withdraw from the representation by written motion stating that counsel has reviewed the matter and determined that the petition would be frivolous, accompanied by counsel's certification of the date when a copy of the motion was furnished to the person. If the person does not wish to apply for certiorari or does not respond to the notification, counsel shall so inform the court by letter, which action shall terminate the representation (emphasis added).

*United States v. Héctor Jiménez-Torres*,
No. 00-098-04 (PG)
Page 5

8. Clearly, *Local Rule 46.5*, *id.*, imposed on attorney Aponte-Cabrera the duty to file a petition for a writ of *certiorari*, if defendant Jiménez-Torres asked for one before she was relieved. However, the record of this case does not establish whether or not defendant Jiménez-Torres made such a request of Attorney Aponte-Cabrera before she was relieved of his representation. If he did, and she failed to comply, Attorney Aponte-Cabrera violated *Local Rule 46.5*, *id.*, and deprived defendant Jiménez-Torres of the effective assistance of counsel to which he is entitled under the Constitution of the United States. If he did not, then after April 11, 2006, it is simply too late for him to file a writ petition and defendant Jiménez-Torres has no further need of counsel in this criminal case. Either way, such an inquiry appears to be better probed in a civil proceeding pursuant to *Title 28, U.S.C. §2255*.

9. The undersigned counsel will send a copy of this motion to defendant Jiménez-Torres, along with a letter explaining the legal situation described herein in the Spanish language. When defendant Jiménez-Torres responds to the same, the undersigned counsel will make the appropriate application(s) to this Honorable Court.

**WHEREFORE** for all of the reasons herein shown, the undersigned counsel respectfully prays that this Honorable Court take notice of the matters reported herein and issue two (2) orders, to wit:

*United States v. Héctor Jiménez-Torres*,
No. 00-098-04 (PG)
Page 6

1. An Order directing attorney **JOHN WARD-LLAMBIAS** to collect any records, documents, motions, discovery, or court papers he has related to defendant HECTOR JIMENEZ-TORRES and forward the same forthwith to the defendant at: Reg. No. 23133-038, USP-Allenwood, P.O. Box 3000, White Deer, PA 17887, and report to the Court regarding his compliance within ten (10) days.

2. An Order directing attorney **MARLENE APONTE-CABRERA** to collect any records, documents, motions, briefs, discovery, or court papers she has related to defendant HECTOR JIMENEZ-TORRES and forward the same forthwith to the defendant at: Reg. No. 23133-038, USP-Allenwood, P.O. Box 3000, White Deer, PA 17887, and report to the Court regarding her compliance within ten (10) days.

**RESPECTFULLY SUBMITTED**.

I hereby CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys: **AUSA SONIA TORRES**, sonia.torres@usdoj.gov., **JOHN WARD-LLAMBIAS, ESQ.**, ionbard@hotmail.com, and **MARLENE APONTE-CABRERA, ESQ.**; and by ordinary United States mail with proper postage affixed addressed to: **HECTOR JIMENEZ-TORRES**, #23133-038, USP Allenwood, P.O.

*United States v. Héctor Jiménez-Torres*,
No. 00-098-04 (PG)
Page 7

Box 3000.

 In San Juan, Puerto Rico, this 4th day of October 2006.

        /s/ *David W. Román*
        David W. Román, Esq.
        USDC-PR #125709
        BROWN & UBARRI
        El Caribe Building
        Fourteenth Floor
        53 Palmeras Street
        San Juan, Puerto Rico, 00901-2417
        Tel: (787)725-3312
        Fax: (787)723-7233
        E-mail: roman@bandulaw.com

        Attorneys for the Defendant